UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| | | |
|---|---|---|
| **LISA (LESIA) ROBINSON, ET AL** | * | **NO. 3:17-CV-01226-SDD-EWD** |
| | * | |
| **VERSUS** | * | **JUDGE SHELLY D. DICK** |
| | * | |
| **HUDSON INSURANCE CO., ET AL.** | * | **MAGISTRATE WILDER-DOOMES** |

## OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF DR. RICHARD V. BARATTA

NOW INTO COURT, through undersigned counsel, come Defendants, Mark E. Brown, Horizon Freight System, Inc., and Old Republic Insurance Company, who respectfully oppose the *Daubert* Motion to Exclude or Limit the Testimony of Dr. Richard V. Baratta filed on behalf of Plaintiff, Lisa Robinson for the reasons stated herein and evidence attached hereto.

### I.     INTRODUCTION

This litigation arises out a motor vehicle accident between Plaintiff Lisa Robinson (passenger of a Toyota Camry) and Defendant Mark Brown (driver of a Freightliner tractor trailer) on October 6, 2016. Plaintiff instituted the instant litigation against Defendants seeking to recover damages for various personal injuries allegedly sustained as a result of the accident. Defendants retained Dr. Richard V. Baratta to provide an accident reconstruction and biomechanical evaluation, and Dr. Baratta provided a report detailing his findings and opinions relative to his expert evaluation. Plaintiff obtained Dr. Baratta's deposition testimony on January 24, 2019.

Plaintiff now seeks to have this Honorable Court exclude or limit Dr. Baratta's testimony by arguing Dr. Baratta's testimony does not meet the standards articulated and required by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). More specifically, Plaintiff challenges the methodology employed by Dr. Baratta but provides no

authority, legal or otherwise, to adequately support her attempt to challenge the reliability of Dr. Baratta's scientific expertise and testimony. Accordingly, Defendants submit that Plaintiff's motion is without merit and should be denied.

## II.     LAW AND ARGUMENT

The determination of the admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The following four-part inquiry, though not all-encompassing, is commonly used to evaluate whether expert testimony should be admitted:

(1) whether the witness is qualified to express an expert opinion;

(2) whether the facts upon which the expert relies are the same type as are relied upon by other experts in the field;

(3) whether in reaching his conclusion the expert used well-founded methodology, and

(4) assuming the expert's testimony passes these tests, whether the testimony's potential for unfair prejudice substantially outweighs its probative value under the relevant rules.

*Watkins v Telsmith, Inc.,* 121 F.3d 984, 988-89 (5th Cir. 1997); *See generally Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

Ultimately however, whether a witness may render an opinion as an expert is a legal determination for the trial court, and such determinations are discretionary. *See Hidden Oaks Ltd. V. City of Austin,* 138 F.3d 1036, 1050 (5th Cir. 1998) ("Trial courts have 'wide discretion' in deciding

whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence."). In deciding whether to admit expert testimony, a trial court has "wide latitude." *See Watkins v. Telsmith, Inc.,* 121 F.3d 984, 988 (5th Cir. 1997). In *Kumho Tire Co., Ltd. v. Carmichael,* the U.S. Supreme Court decided how the *Daubert* standard applies to the testimony of engineers and other experts who are not scientists. *Kumho Tire Co., Ltd. V. Carmichael,* 526 U.S. 137 (1999). The Supreme Court held that *Daubert's* general holding setting forth the trial judge'[s general "gatekeeping" obligation applies not only to the testimony based on "scientific" knowledge, but also testimony based on "technical" and "other specialized" knowledge. *Id.* at 141; *see United States v. 14.38 Acres of Land,* 80 F.3d 1074, 1077 (5th Cir. 1996). While noting that the list of factors provided in *Daubert* do not necessarily apply in every instance, the Supreme Court maintained that some of *Daubert's* factors can help to evaluate the reliability of experience based testimony. *Kumho Tire Co.,* 526 U.S. at 151. The Supreme Court explained the purpose of *Daubert* is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Id.* at 152.

**A. Dr. Baratta is highly qualified as an expert in the area of accident reconstruction and biomechanics.**

Plaintiff's memorandum makes clear that she does not challenge the qualifications of Dr. Baratta and appears to concede he is qualified as an expert in the area of accident reconstruction and biomechanics. In fact, Dr. Baratta's curriculum vitae reveals he holds bachelor's, masters' and doctorate degrees in Biomedical Engineering and is a Certified Accident Reconstructionist, Bosch Certified Crash Data Retrieval Technician and Analysist, as well as a Registered Professional Engineer in numerous states. Accordingly, there is no question as to Dr. Baratta's qualifications to express expert opinion in field of accident reconstruction and biomechanics.

**B. The Data Utilized by Dr. Baratta in Formulating his Expert Opinion was Sufficient.**

Plaintiff attempts to challenge the adequacy and accuracy of the data utilized by Dr. Baratta in formulating his opinion. Specifically, Plaintiff alleges Dr. Baratta used a different measurement for the rear bumper of the Toyota in his report and did not otherwise have sufficient information concerning the weight of the freightliner to formulate the opinions stated in his report. However, Plaintiff provides no authoritative support for such assertions. Dr. Baratta identified the data upon which his conclusions are based in his report and testified to the sufficiency of this data. Plaintiff provides no authoritative support dictating precisely what or how much data is "sufficient" or other authority to effectively challenge Dr. Baratta's testimony that he in fact had sufficient data to formulate his opinions.

More specifically, with regard to the alleged discrepancy of the vertical dimensions of the Toyota Camry raised by Plaintiff in her memorandum, Plaintiff relies on a document that was attached to his deposition but that document was never identified or authenticated by Dr. Baratta at any time during his deposition and the document was likewise not attached to or made part of Dr. Baratta's expert report. Despite the lack of proper authentication, it is clear from Dr. Baratta's report that the vertical dimension of the rear bumper was not included in any mathematical calculation performed by Dr. Baratta, and thus, any error with respect thereto (if there was such an error) is irrelevant and has no bearing on Dr. Baratta's ultimate conclusion or the admissibility of his testimony.

Further, as detailed in Dr. Baratta's report and further articulated in his deposition testimony, Dr. Baratta considered fifteen photographs of the Toyota, four photographs of the tractor trailer, Autostats Dimensional Data for the Toyota, diesel index dimensional data for the tractor trailer, schematic diagrams of the rear bumper of the Toyota, Insurance Institute for Highway Safety low

speed test results for the Toyota, transcript of Mark Brown's deposition, transcript of Plaintiff's deposition, medical record for Plaintiff, fifteen cases from the National Automotive Sampling System database, and numerous articles. Dr. Baratta's conclusion that the impact was an override was not the result of "purposefully lowering the height of the rear bumper to fit his conclusion" as Plaintiff asserts but rather was based on the visual observations of the photographs of the Toyota that indicate that the tractor trailer made contact in an area above the bumper rather than direct bumper to bumper impact. Dr. Baratta's deposition is void of any testimony even suggesting that the height of the rear bumper or a lowered rear bumper resulted in adverse effects of the impact. The vertical dimension of the bumper was included as an extraneous detail and not as a detail to differentiate the bumper height of the Toyota from the standard height of the rear bumper in that particular model. Plaintiff's argument otherwise is pure speculation.

Additionally, Plaintiff's argument that Dr. Baratta did not have sufficient data concerning the weight of the tractor and trailer to formulate a reliable opinion is incorrect and unsupported by evidence. While Plaintiff argues the precise weight of the vehicles at the precise moment of the impact is required to accurately reconstruct an accident, Plaintiff provides no authority for such a proposition. In his report, Dr. Baratta clearly lists all data and information considered in his analysis and clearly explained at his deposition that while the additional information can at times be helpful, in this instance, such additional information was not necessary and would not change his conclusions. Accordingly, there is no merit to Plaintiff's challenge with regard to the adequacy of the data upon which Dr. Baratta based his conclusions and these arguments are not sufficient to justify excluding Dr. Baratta's testimony. Rather, Plaintiff's arguments go to the weight of Dr. Baratta's testimony - not admissibility.

### C. Dr. Baratta's Methods are Reliable.

The remainder of Plaintiff's argument attempts to challenge Dr. Baratta's methodology and the reliability thereof but once again cites to no legal or evidentiary authority to support such a challenge. Plaintiff simply provides her own subjective beliefs and opinions as to the reliability of the methods utilized by Dr. Baratta rather than expert testimony, jurisprudence or other evidentiary literature to contradict Dr. Baratta's testimony with regard to the soundness of his methodology and general acceptance of same by the scientific community within the field of accident reconstruction and biomechanics. Dr. Baratta's testimony provides great detail concerning his methodology and the general acceptance and use of this method by the scientific community of accident reconstruction. He testified that he reviewed photographs of the damaged Toyota, found cases with similar damages in the National Automotive Sampling System database, and reviewed the severity of the injuries as a result of the accident. He then compared the data and damages from comparable cases to Plaintiff's case. As a result of this comparison, Dr. Baratta was able to determine the crash severity or Delta-V (change in velocity) at the moment of impact, which Dr. Baratta determined was less than 9 miles per hour. Dr. Baratta stated that based on the weight of the vehicles, he calculated the tractor trailer's closing speed on the Toyota as 8 miles per hour. He then explained that using the DeltaV and closing speed, along with Plaintiff's height and weight, he compared Plaintiff's injuries to the injuries that are typical of accidents with the same DeltaV. As a conclusion, Dr. Baratta determined that any injury beyond muscle strains are improbable in this type of accident given the forces involved. Plaintiff provided no evidence to contrary or to otherwise support the argument that Dr. Baratta's method renders his opinion unreliable.

Finally, Plaintiff attempts to find legal support for her argument to exclude Dr. Baratta's testimony by citing to a decision from the Western District of Louisiana in the matter of *Layssard v. United States*, 06-0352, 2007 U.S. Dist. LEXIS 85830 (W.D. La. 11/20/07). However, Plaintiff misstates the court's holding with regard to Dr. Baratta's testimony. Contrary to what Plaintiff represents in her motion, the court did not exclude Dr. Baratta's testimony upon finding his methods unreliable, rather the court determined Dr. Baratta's testimony was not needed and would not be of assistance to the trier of fact in that particular *bench* trial of issues under the Federal Tort Claims Act. *Id*. at *12-13. Although there was some dicta in the opinion concerning the court's reservations about the testimony in that particular case, the court declined to rule on the reliability of Dr. Baratta's methods. *Id*. The court qualified the basis of its decision and reiterated it several times throughout the opinion. *Id*.

**D. <u>Plaintiff's Arguments Bear on the Weight to be Assigned Dr. Baratta's Testimony Rather Than its Admissibility, And Therefore, Should be Left for the Jury's Consideration</u>**.

Dr. Baratta, a biomedical engineer and certified accident reconstructionist, is more than qualified to determine the type of impact sustained in the accident and the probable injuries that would be expected as a result of the impact. Any testimony provided by Dr. Baratta will certainly be subject to cross-examination and the arguments raised by Plaintiff in her motion, as well as any support she may have for such arguments, may be presented to the jury as such issues regarding Dr. Baratta's methodology, and its reliability, are for the trier of fact to determine. *See Newport Ltd. V. Sears, Roebuck & Co.,* 6 F.3d 1058, 1069 (5th Cir. 1993) (allowing the jury to determine the credibility of an expert and the reliability of his data). "It is the role of the adversary system, not the court, to highlight weak evidence." *Primrose Operating Co. v. National American Insurance Co.,* 382 F.3d 546, 562 (5th Cir. 2004). Accordingly, "[a]s a general rule, questions relating to the bases

and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility and should be left for the jury's consideration." *Id. (quoting Viterbo v. Dow Chemical Co.,* 826 F.2d 420, 422 (5th Cir. 1987)). Furthermore, "[m]atters left for the jury's consideration include the alleged miscalculations, erroneous assumptions, and inconsistencies that plaintiffs object to." *Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am.,* 2009 U.S. Dist. LEXIS 138687 at *9 (E.D. La. July 28, 2009) (*citing Southwire Co. v. J.P. Morgan Chase & Co.,* 528 F. Supp. 2d 908, 935 (W.D. Wis. 2007&)). In this case, Plaintiff's attack goes to the weight, not admissibility, of Dr. Baratta's testimony, and a challenge to the weight of an expert's testimony is properly addressed during cross-examination.

### III.  CONCLUSION

Plaintiff's Motion should be denied. Dr. Baratta is highly qualified to provide expert opinion testimony concerning accident reconstruction and biomechanics and his methods are reliable and widely accepted within this specialized industry. Dr. Baratta's testimony will be relevant and helpful to the trier of fact in understanding the mechanisms of this accident and alleged injury, the forces involved. Defendants are entitled to defend themselves against the claims brought against them in this litigation and they are entitled to do so through the presentation of qualified expert testimony – just as Plaintiff will most certainly present expert medical testimony to support her claims. Dr. Baratta's testimony is subject to cross-examination, argument, and contrary evidence presented by Plaintiff. Any argument as Dr. Baratta's methods should go to the weight of the testimony – not its admissibility or exclusion. To exclude relevant and competent testimony simply because Plaintiff does not like or agree with it would defeat the purposes and safeguards served by the adversarial system. Plaintiff has provided no authoritative support for her argument to exclude or limit Dr.

Baratta's testimony. Accordingly, Plaintiff's *Daubert* Motion to Exclude or Limit the Testimony of Dr. Baratta should be denied.

                        Respectfully submitted,

BY:   */s/Jaime F. Landry*
      JAIME F. LANDRY (#32543)
      TODD A. GRAY
      **LEWIS BRISBOIS BISGAARD & SMITH LLP**
      100 East Vermilion St., Ste. 300
      Lafayette, LA 70501
      Telephone: 337-326-5777
      Facsimile: 337-504-3341
      E-mail: Jaime.landry@lewisbrisbois.com
      *Counsel for Defendants, Mark E. Brown, Horizon West, Inc., and Old Republic Insurance Company*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served electronically upon all counsel of record who utilize the CM/ECF system and has been mailed to all other counsel of record by placing same in United States First Class Mail, properly addressed and with sufficient postage affixed, this 23rd day of April, 2019.

                        /s/ Jaime F. Landry
                        JAIME F. LANDRY